*WILLIAM BORSODI, v. THE STATE OF OHIO and WILLIAM BORSODI
v. THE STATE OF OHIO.

FAILURE OF JUSTICE TO TRANSMIT BILL OF EXCEPTIONS.
    The failure of a justice of the peace to transmit a bill of exceptions to the clerk
    of the common pleas court within ten days from its allowance, is not ground
    for striking such bill of exceptions from the files.

ERROR.

SMITH, J.

In the first of these two cases it is claimed that the court of com-
mon pleas erred in striking the bill of exceptions taken by the plaintiff
in error from the files. The case was this: Borsodi, the plaintiff in
error, was charged before a justice of the peace in this city on an affida-
vit which set out that on the 2d day of July, 1894, he had sold one pint of
an article of food which was adulterated in the following respects: It
was sold under the name of lemonade, and was not lemonade. A trial
was had in the case, and at the close of the testimony on the part of the
state, the defendant asked for his discharge on the ground that the state
had not made out a case. The motion was overruled, and exception
taken. The defendant then offered his testimony, and when the evidence
had been fully heard, the case was submitted to the jury, which returned a
verdict finding him guilty as charged. A motion for a new trial was
filed and overruled, and the defendant also made a motion to arrest the
judgment, which was also overruled, and the defendant sentenced, to all
of which he excepted, and the justice under the provisions of the act of
April 27, 1893 (90 O. L., 358), fixed the time for the presentation and
signing of a bill of exceptions, ten days from the date of the overruling
of the motion for a new trial, and it was duly and legally signed in proper
time, viz., on August 24, 1894.

---

*The decision in this case is approved and its application extended by the same court in Ran-
sick v. State, 8 Circ. Dec., 305.

On the 5th of October, 1894, the plaintiff in error filed in the court of common pleas his petition in error to reverse such judgment, and with it the transcript from the docket of the justice, the, bill of exceptions and the original papers in the case. On the 20th of November, 1894, the defendant in error filed a motion to strike the bill of exceptions from the files on the ground that the justice of the peace had not transmitted it to the clerk of said court within ten days from the date of its allowance by him, which was the fact. The court sustained the motion and ordered it to be stricken from the files, to which action the proper exception was taken. Afterwards the judgment of the justice was affirmed by the court, and this petition in error is filed to reverse such judgment.

Was the action of the court on striking from the files this bill of exceptions right? We think that it was not. It is true that the same section, to which we have already referred, section 6565, R. S. (90, O. L., 358), provides that the justice shall file the bill of exceptions when allowed, "with the papers in the case, and note such signing and filing in his docket, and transmit the same with the transcript of his docket and original papers within ten days from the date of signing to the clerk of the court of common pleas, and by him filed and entered on his trial docket as in other cases." But this is a duty imposed upon the justice by the law, and if he fails to do this (unless he has demanded his fees therefor and they are not paid), the person taking the bill is not to be prejudiced thereby, but may within the six months allowed for filing the petition in error, do so and with it file the transcript, bill of exceptions and other papers. It is analogous to the case decided, where the court failed and refused to fix the amount of an appeal bond, on application by a party desiring it done, and where it was held that this did not bar the appeal, but that the party desiring to appeal, might give a bond in a reasonable or proper amount and have his appeal. 1 O. S., 171; 38 O. S., 405.

So, too, it has been held that in cases where an appeal bond does not have to be given by a trustee, when the appeal is in the interest of the trust, and in which case the statute imposes upon the clerk the duty of filing the papers in the appellate court within a fixed time, that a failure on his part to do so, will not deprive the party of his right, but the papers may be filed thereafter. The result of this holding is that this bill of exceptions is properly before us, and must be considered by us in the determination of the question whether the court of common pleas erred in affirming the judgment of the justice of the peace.

In the further consideration of these cases they will be considered together, as practically the same questions, with a single exception arise in each one. And we may say that in many of the points of error relied upon by counsel for plaintiff as to what allegations are necessary in the affidavit as to what constitutes the offense, with which the defendant was charged, and the character and necessity of the proof required on the part of the state are conclusively settled against him by the decision of the Supreme Court in the case of the *State* v. *Kelly*, 54 O. S. page 166, and we are of the opinion that the trial court did not err in its rulings on the trial of the case. And furthermore, that the verdict in the one case, and the finding of the court in the other, were not so manifestly against the weight of the evidence as to justify us in reversing either on that ground. Both judgments will therefore be affirmed.

*Aaron E. Moore*, for Plaintiff in Error.